## PORTER, Price Adm'r, OPA, v. REEL.

### No. 5538.

Circuit Court of Appeals, Fourth Circuit.

Dec. 12, 1946.

Francis Key Murray, of Baltimore, Md., (George Moncharsh, David London, Albert M. Dreyer, and Harold Craske, all of Washington, D. C., and Kenneth V. Fisher, of New York City, on the brief), for appellant.

G. C. A. Anderson, of Baltimore, Md., (Carman, Anderson & Barnes, of Baltimore, Md., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Porter, Price Administrator, Office of Price Administration, filed a civil action in the United States District Court for the District of Maryland, against James Rosco Reel, alleging that Reel, in the sale of a used farm tractor, with certain attachments, violated the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., and Maximum Price Regulation No. 133. An appeal to us was taken by the Administrator from a judgment of the District Court dismissing the complaint.

Reel, the defendant, sold the used tractor, with swinging draw bar, power take off, starter and lights, muffler and hillside hitch, at a public auction to Paul Stoner, another farmer, for $1,350. When purchased by Reel, the tractor had steel rim wheels. Reel, however, secured some rubber tires later and these tires were put on the tractor. Reel, after his purchase, added, also, the starter and lights. All the other accessories mentioned were on the tractor when it was purchased by Reel.

Section 1361.3(a) of Maximum Price Regulation 133, is applicable, among other articles, to "(4) Farm tractors (except crawler tractors) * * * (9) A combination of any of the items just listed with other items of farm equipment specifically designed for mounting thereon, where the combination is sold as a unit." This section continues:

"(b) Maximum prices for sales by farmers, auctioneers, etc. The maximum price for a sale by a person, other than a retail dealer, of any item listed in sub-paragraphs (1) to (8), inclusive, of paragraph (a), shall be determined as follows: If the item is sold within one year after sale new, the maximum price shall be 85% of the 'Base Price'. In any other case, the maximum price shall be 70% of the 'Base Price'. In the case of a combination sale referred to in paragraph (a) (9), the maximum price for the combination shall be equal to the

sum of the maximum prices for each of the items of farm equipment sold as a part of the combination. These maximum prices shall be determined in the manner just set forth.

"(1) Base Price. The 'Base Price' which must be used in determining maximum prices shall be the first of the following which is available:

"(i) The manufacturer's current suggested retail price for the item.

"(ii) The last suggested retail price for the item that the manufacturer issued.

"(iii) If the item never had a suggested retail price, the base price is the maximum price for which the same or nearest equivalent item would be sold in the locality, minus carload freight from the plant of the manufacturer of the item."

The District Court dismissed the complaint on the grounds (1) The sale of the tractor was not included either under (4) or (9) above, but was a combination sale, and (2) The Administrator did not adequately prove the applicable ceiling price.

■ We think the District Court erred in holding that this transaction was a combination sale, which is prohibited regardless of the price. Rather, it seems to us, the transaction comes under (4) above "farm tractors". The attachments here do not come under the statutory designation of "farm equipment". They are merely auxiliary accessories to such a machine. This is indicated by the definition of farm equipment in § 1361.9(a) (3): "Farm equipment means any mechanical equipment attachment or part used *primarily in connection with the production and farm processing for market or farm use of agricultural products * * *."* (Italics supplied.)

And further color to this view is provided in the Statement of Considerations accompanying Amendment No. 4: "The present amendment adds to the list of * * * critical machines listed in paragraph (a) of § 1361.3a. The addition consists of a combination of any one of the * * * machines with other items of farm equipment specifically designed for mounting thereon, provided the combina-

tion is sold as a unit. *These items will include chiefly plows, planters, cultivators, mowers and similar items* which may be mounted on a tractor in such a manner as to become an integral part of the tractor itself, as distinguished from items which are drawn behind the tractor * * *." (Italics supplied.) And, see, Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700. Common knowledge and practical experience make it difficult to envisage such articles as a muffler, starter, lights or power-take-off in the category of farm equipment rather than in the class of mere incidental accessories.

If, however, these attachments here involved be "farm equipment" under the Regulation, we think they come under (9) on the basis that they were "specifically designed for mounting thereon". The tractor in question was a standard type McCormick Deering Farmall Tractor, Model H. The muffler, starter, lights, power-take-off, drawbar and hillside hitch were manufactured for attachment only to a model H Farmall Tractor. Hardly could the phrase "specifically designed for mounting thereon" be limited to equipment designed for this one particular tractor, apart from others of the same type.

■ Nor can we agree with the District Court that the Administrator failed to prove the applicable ceiling price of this tractor. This proof was not perfect but so high a standard is not required. The Administrator, by uncontradicted evidence, on the theory that the ceiling price should be fixed upon the basis of the suggested price of the manufacturer for the same tractor or the nearest equivalent thereto, fixed the ceiling price as follows:

| | |
|---|---:|
| "Tractor with rubber tires | $1,003.50 |
| Swinging draw bar | 3.25 |
| Power take-off | 17.60 |
| Starter and lights | 38.50 |
| Rear light | 4.50 |
| Hillside hitch | 7.50 |
| Muffler | 1.50 |
| | $1,076.35 |

"The ceiling price of this machine, pursuant to Section 1361.3a(b), is 70% of the

total of $1,076.35, or $753.45. Thus, since the defendant sold his tractor with such accessories, for $1,350.00, the overcharge was $596.55."

This, we believe, was adequate and reasonable.

We must regard as untenable the position of the District Court below that the Administrator did not prove the applicable ceiling price because he did not show the ceiling price of a tractor which was precisely the literal equivalent of the instant tractor because it was "half factory, half home made." This would place a premium upon facile evasion of the Price Control Act.

The judgment of the District Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

Reversed and remanded.